UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No: 8:08-cr-404-T-27MAP

**CHUN HEI LAM**
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Lam's "Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) Due to COVID 19 Pandemic." (Dkt. 450). No response is necessary. The motion is **DENIED**.

Lam stands convicted of possession, and conspiracy to possess, with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 347 at 1). He was sentenced to 300 months imprisonment, followed by five years of supervised release. (Id. at 2-3). His convictions and sentence were affirmed on direct appeal. *United States v. Lam*, 430 F. App'x 794 (11th Cir. 2011). His 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence was denied. (Dkt. 429). He now seeks compassionate release "[i]n light of the coronavirus and his medical conditions." (Dkt. 450 at 2). Specifically, he asserts that he "suffers from hyperlipidemia ("high cholesterol"), hypertension ("high-blood pressure"), and chronic hepatitis B." (Id. at 8). He further contends that "[i]f he is not released from custody before the virus runs rampant at his jail, it will place him at risk of contracting the disease and suffering serious health complications, or worse." (Id. at 3). However, his assertions do not entitle him to compassionate release.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available

1

to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b); *see United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (finding that the exhaustion requirement is not jurisdictional). Lam provides documentation reflecting that 30 days have elapsed since he submitted a request to the warden. (Dkt. 450-1 at 1-2). However, he has not shown an "extraordinary and compelling reason" warranting compassionate release.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Lam fall within these circumstances. First, although he asserts that he has several medical conditions, including "hyperlipidemia ("high cholesterol"), hypertension ("high-blood pressure"), and chronic hepatitis B," he does not provide documentation demonstrating that he suffers from a terminal illness or that his conditions substantially diminish his ability to provide self-care. U.S.S.G. § 1B1.13, cmt. n.1; (Dkt. 450 at 8); *see also United States v. Rind*, 837 F. App'x 740, 743-44 (11th Cir. 2020) (affirming denial of compassionate release where defendant who had type II diabetes, hypertension, high blood pressure, and asthma did not "provide[] sufficient information regarding the severity of his medical conditions nor had he supported his allegations with medical records"). Rather, the record reflects that he has no medical

2

restrictions and is assigned to "CARE1," which is described as "healthy or simple chronic care." (Dkt. 450-1 at 12). And, although he raises concerns about the coronavirus (Dkt. 450 at 3), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Additionally, he does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. His circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed July 23, 2021). Last, while his rehabilitation efforts are admirable, (Dkt. 450 at 14), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). In sum, his reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with § 1B1.13.

To the extent Lam contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 450 at 15-18), the Eleventh Circuit Court of Appeals has rejected that contention. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Lam has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling

reasons exist, the § 3553(a) factors do not weigh in favor of his release.[1]

In summary, Lam has not demonstrated that compassionate release or a reduction in his sentence is warranted. Accordingly, his motion is **DENIED**. (Dkt. 450).

**DONE AND ORDERED** this 23rd day of July, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[1] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). The circumstances of Lam's offense do not weigh in favor of release. Indeed, Lam was found to be the captain of a fishing vessel that the U.S. Coast Guard interdicted in the Eastern Pacific Ocean with 2,900 kilograms of cocaine (worth approximately $58 million) hidden inside a compartment. Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.